UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAZIEH MEDHAT,

    Plaintiff,

  v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.

Case No. 26-cv-00235-NW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION**

Re: ECF No. 17

Before the Court is Defendant JP Morgan Chase Bank, N.A.'s ("Chase") motion to compel Plaintiff Razieh Medhat ("Plaintiff" or "Medhat") to arbitrate her claims against Chase.  ECF No. 17.  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

I.    **BACKGROUND**

Plaintiff is an Iranian asylee who arrived in the United States in 2016.  In 2018, Plaintiff opened a checking and savings account with Chase.  In the intervening years, she also acquired two Chase credit cards.

On June 27, 2025, Plaintiff learned that Chase had restricted her accounts.  When Plaintiff asked Chase why her accounts were restricted, Chase explained that Plaintiff had not provided the necessary documents to demonstrate her immigration status.  In a letter she received on July 5, 2025, Chase informed Plaintiff that she needed to provide documentation "concerning [her] immigration status and/or proof of U.S. residency by 07/09/2025 to avoid closure."  Compl. ¶¶ 82.  By policy, Chase requires individuals from certain sanctioned countries, including Iran, to present either a valid green card or an unexpired passport to maintain accounts with Chase.  Because Plaintiff could not present either document, she was forced to withdraw all the funds from her

accounts and move them elsewhere.  Plaintiff claims that the underlying policy animating Chase's revocation of her accounts is discriminatory and unlawful.

Plaintiff's complaint alleges Chase violated: (1) the Equal Credit Opportunity Act ("ECOA") Discrimination Prohibition based on National Origin, 15 U.S.C. § 1691(a)(1); (2) the ECOA Adverse Action Notice Requirement, 15 U.S.C. § 1691(d); (3) 42 U.S.C. § 1981; (4) the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (5) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  Compl. ¶¶ 172-230.  Shortly after Plaintiff filed suit, Chase filed the instant motion.  Chase claims that Plaintiff signed various agreements with Chase that included valid arbitration provisions.  As such, Chase contends Plaintiff may only pursue her claims in private arbitration.

## II.     LEGAL STANDARD

"[T]he Federal Arbitration Act (FAA) governs the enforceability of arbitration agreements in contracts involving interstate commerce."  *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013).  An arbitration agreement within the scope of the FAA "shall be valid, irrevocable, and enforceable," except "upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Any party "aggrieved by the alleged . . . refusal of another to arbitrate" may petition a district court for an order compelling arbitration in the matter provided for in the agreement.  *Id.* § 4.

"The question whether the parties have submitted a particular dispute to arbitration, i.e., *the question of arbitrability*, is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise."  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (cleaned up).  "Generally, a court must determine two issues before deciding whether to compel arbitration: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute."  *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201 (9th Cir. 2021).  First, as to whether there is an agreement to arbitrate, if "the making of the arbitration agreement" is "in issue," 9 U.S.C. § 4, the Ninth Circuit has explained that courts should "rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure."  *Hansen v. LMB Mortgage Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).  In other words, a court evaluating

United States District Court
Northern District of California

whether an arbitration agreement exists must view the facts and draw inferences in the light most favorable to the nonmoving party. *See State Farm Fire & Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989) (per curiam). "The party seeking to compel arbitration . . . bears the initial burden of" showing "the absence of a genuine issue of material fact." *See Driskill v. Experian Info. Sols., Inc.*, 753 F.Supp.3d 839, 845–46 (N.D. Cal. 2024) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Second, as to whether the agreement covers the dispute, "'[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018) (cleaned up) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). If the court determines that both factors are met, "then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

## III. DISCUSSION

According to Plaintiff, her case is not subject to arbitration because: (i) Chase has not shown that Plaintiff agreed to arbitration, and (ii) any supposed arbitration provision cannot be enforced because it is unconscionable or contravenes public policy. Plaintiff is right, but only in part as to the second of those issues. The scope of that issue is discussed at the end of this Order.

### A. Validity of the Arbitration Agreement

The evidence before the Court demonstrates that Plaintiff assented to Chase's Deposit Account Agreement ("DAA") when she opened her account and signed her Personal Electronic Signature Card. *See* ECF No. 17-2. In signing the Signature Card, Plaintiff explicitly "acknowledge[d] receipt of the Bank's [DAA] . . . and agree[d] to be bound by the terms and conditions contained therein as amended from time to time." *Id.* In turn, the DAA includes a broad agreement to arbitrate claims that "arise out of or relate in any way to any aspect of [the] relationship, interactions, or dealings" between Plaintiff and Chase. *See* ECF No. 17-4. Plaintiff admits that she signed the Personal Electronic Signature Card, but she does not concede that her signature subjects her to the terms of the DAA. *See* Opp. at 16. Instead, Plaintiff claims, without

United States District Court
Northern District of California

3

support, that Chase needs to (and failed to) provide a signed version of a separate agreement—the Cardmember Agreement ("CMA")—to demonstrate that Plaintiff agreed to arbitrate her claims.

Plaintiff is wrong.  It is enough that Chase has demonstrated that Plaintiff (1) executed a signature card acknowledging receipt of the DAA, (2) agreed to be bound by its terms, and (3) agreed to arbitrate any claims that "arise out of or relate in any way to any aspect of our relationship, interactions, or dealings."  The terms of the CMA, which is an agreement signed long after Plaintiff signed her Personal Electronic Signature Card, are simply irrelevant.

Likewise, Plaintiff's attempts to discredit the evidence before the Court are without merit. Plaintiff states that "[t]he sole piece of evidence proffered by Chase to satisfy its burden of proving formation of an agreement to arbitrate is a single e-signature card that does not pertain to each account that Plaintiff had with Chase."  Opp. at 16.  But Plaintiff does not explain (nor can she) why an e-signature is insufficient to show Plaintiff's assent or why the arbitration agreement must pertain to each account.  While a court must give the party denying the existence of an agreement to arbitrate "the benefit of all reasonable doubts and inferences that may arise," *see Three Valleys Mun. Water Dist. V. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991), "the nonmoving party cannot merely demonstrate that there is some metaphysical doubt as to the material facts," *Tu v. Experian Info. Sols., Inc.*, 2025 WL 1134612, at *3 (S.D. Cal. Apr. 16, 2025) (internal citation omitted).

Plaintiff has failed to provide any non-conclusory allegations or facts that contravene the existence of the DAA.  The evidence before the Court demonstrates Plaintiff agreed to be bound by the DAA's terms, including the arbitration provision, when she opened her account with Chase. The Court answers the first question—whether there is an agreement to arbitrate between the parties—affirmatively.

On the second question, which concerns the scope of the arbitration provision, there is no doubt that Plaintiff's claims fall squarely within the terms of the agreement.  As alleged, Plaintiff's injuries are the direct result of Chase's dealings with Plaintiff, and they arise out of Chase's discriminatory behavior.  In other words, Plaintiff's claims go directly to the heart of her

United States District Court
Northern District of California

4

relationship with Chase; as a result, her claims are subject to the terms of the arbitration agreement.

### B.    Enforceability

According to Plaintiff, even if the Court finds Plaintiff subject to a valid arbitration provision, the Court should not enforce it on other grounds. The FAA "permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). "This saving clause permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Id.* Here, Plaintiff argues that the arbitration agreement in the DAA (1) is unconscionable and (2) contravenes public policy. The Court takes each in turn.

### 1.    Unconscionability

In California,[1] unconscionability requires a two-fold showing of procedural and substantive unconscionability. *Heckman v. Live Nation Ent., Inc.*, 686 F. Supp. 3d 939, 952 (C.D. Cal. 2023), *aff'd*, 120 F.4th 670 (9th Cir. 2024). Specifically,

> [t]he procedural element of unconscionability focuses on two factors: oppression and surprise. "Oppression" arises from an inequality of bargaining power which results in no real negotiation and "an absence of meaningful choice." "Surprise" involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix printed form drafted by the party seeking to enforce the disputed terms. The substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create "overly harsh" or "one-sided" results as to "shock the conscience."

*Aron v. U–Haul Co. of California*, 143 Cal.App.4th 796, 808 (2006).

Plaintiff's unconscionability argument fails because she cannot show procedural unconscionability, and Plaintiff must make a showing of both procedural and substantive unconscionability to nullify the arbitration agreement. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016). "[T]he threshold inquiry in California's unconscionability analysis is

---

[1] Plaintiff's opposition presumes that California law applies when interpreting the arbitration provision. Chase agrees that, for the DAA, California law applies. The Court acknowledges that the CMA appears to be governed by Delaware law, but because the Court has found it unnecessary to address the CMA, it need not concern itself with the laws of any other jurisdictions.

United States District Court
Northern District of California

United States District Court
Northern District of California

whether the arbitration agreement is adhesive . . . . [and] an arbitration agreement is not adhesive"—and therefore not procedurally unconscionable—"if there is an opportunity to opt out of it." *Id*. Chase afforded Plaintiff such an opportunity in the form of an all-caps notice in the DAA notifying depositors that they "ha[d] the right to opt out of th[e] agreement to arbitrate." ECF No. 17-4 at 20 (all-caps removed). Without procedural unconscionability, Plaintiff's claims necessarily fail on unconscionability grounds.

### 2.    Contravention of Public Policy

Plaintiff's public policy arguments fare somewhat better. Plaintiff briefly references California Civil Code § 3513, which provides that "a law established for a public reason cannot be contravened by a private agreement." Cal. Civ. Code § 3513. In 2017, the California Supreme Court read § 3513 to bar the enforcement of any agreement, including an arbitration agreement, that "purports to waive, in all fora, the statutory right to seek public injunctive relief." *McGill v. Citibank, N.A.,* 2 Cal. 5th 945, 962 (2017). Because the arbitration provision in *McGill* explicitly barred Citibank customers from pursuing public injunctive relief, the Supreme Court declared the provision invalid and unenforceable. *Id*. at 956, 961; *see also Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 827 (9th Cir. 2019) (applying the *McGill* Rule to federal claims).

The terms of the arbitration provision here are similarly unequivocal: in all-caps, the agreement prohibits Plaintiff from "seek[ing] any award or remedy in arbitration against or on behalf of anyone who is not a named party to the arbitration, including but not limited to public injunctive relief." ECF No. 17-4 at 60 (all-caps removed). Perplexingly, Plaintiff does not raise the *McGill* Rule, nor does she use the term "public injunctive relief." She also does not call the Court's attention to the plain language quoted above. Instead, Plaintiff discusses the arbitration agreement generally while citing to and relying heavily upon *Armendariz v. Foundation Health Psychcare Svcs., Inc.*, a case from 2000 that has little applicability to the instant action. There, the California Supreme Court voided an arbitration provision that granted an employer the option to pursue relief against an employee in federal court or in arbitration but required employees to arbitrate in all cases. 24 Cal. 4th 83 (Cal. 2000). *Armendariz* holds only that arbitration

6

provisions that grant one party additional benefits over another are unconscionable. Here, the terms of the arbitration provision apply equally to Plaintiff and Defendant.

Because Plaintiff failed to cite *McGill*, the Court is without the benefit of briefing from either party on how the rule set forth in that case applies. The Court understands, however, that so long as a *McGill*-violative provision is not "integral to the remaining terms," *see Brown v. Madison Reed, Inc.*, 21-cv-01233-WHO, 2021 WL 3861457, at *9 (N.D. Cal. Aug. 30, 2021), it can be severed from the rest of the arbitration agreement if necessary, *Nguyen v. Tesla, Inc.*, No. 8:19-cv-01422-JLS-JDE, 2020 WL 2114937, at *5 (C.D. Cal. Apr. 6, 2020). This practice comports with California's "very liberal view of severability," which "enforc[es] valid parts of an apparently indivisible contract where the interests of justice or the policy of the law would be furthered." *Baeza*, 201 Cal. App. 4th at 1230. The Court finds here that the public injunction prohibition can be severed from the remainder of the arbitration agreement.

Thus, under *McGill*, the agreement is unenforceable to the extent that it requires Plaintiff to waive her right to seek a public injunction. 2 Cal. 5th at 951, 961, 963. Nevertheless, the remaining terms of the agreement remain in force. The Court presumes, as it must, that the parties intended to arbitrate all arbitrable claims that are covered by the agreement. *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 704 (9th Cir. 2022) ("[F]ederal courts apply a presumption in favor of arbitrability.") And the Court therefore compels, as it must, arbitration of all of Plaintiff's arbitrable claims. *See Blair*, 928 F.3d at 832.

### C.    Scope of Enforceability

Determining the scope of what is arbitrable is the last task before the Court. As the Ninth Circuit has observed, "[p]arties are welcome to agree to split decisionmaking between a court and an arbitrator" by "requiring the arbitrator to adjudicate liability first" and "carv[ing] out only the potential public injunctive remedy" for a court's determination separately. *Blair*, 928 F.3d at 831. To sever in this way, however, the parties' agreement must do so precisely. *See id.* The arbitration agreement here envisions the very circumstances currently before the Court:

> By way of example, if a Claim seeks both public injunctive relief and other relief, and the prohibition on an award of public injunctive relief is found to be unenforceable, then the request for public injunctive

7

relief will be decided in litigation in court after Claims seeking other relief had been adjudicated in arbitration on an individual basis.

ECF No. 17-4 at 60.  It is clear from the above that the arbitration agreement at issue here explicitly permits the severability of a "request for public injunctive relief." *See Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 937 (9th Cir. 2013) (allowing plaintiffs to "return to the district court to seek their public injunctive relief" if liability was found in arbitration); *Dornaus v. Best Buy Co.*, No. 18-cv-04085-PJH, 2019 WL 632957, at *6 (N.D. Cal. Feb. 14, 2019) (executing an order to compel arbitration but "retain[ing] jurisdiction [of] the adjudication of plaintiff's request for public injunctive relief, should the defendant be found liable for the [related] California statutory claims" in arbitration).  As such, the Court concludes that the arbitration agreement requires the Court to sever only the remedial determination, namely the availability of the public injunction.  All remaining claims and prayers for relief are compelled to arbitration.  The Court stays the public injunction determination pending the arbitrator's determination of liability on the relevant claims.

## IV.    CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to compel. The Court grants Defendant's motion to compel arbitration for all claims and prayers for relief, except Plaintiff's request for a public injunction.  All remaining matters before this Court are hereby STAYED pending the completion of arbitration.

**IT IS SO ORDERED.**

Dated: May 13, 2026

_____
Noël Wise
United States District Judge

8